Tbe opinion of tbe Court was delivered by
Munro, J.
Tbe rule wbicb bolds a railroad company responsible for killing cattle, is thus stated, in tbe case of Danner vs. The South Carolina Railroad Company, 4 Rich. 329.
“ When in an action tbe plaintiff proves no more, than that bis cattle, pasturing on bis own land, were killed by tbe passenger train of tbe company, in its passage along tbe road, be makes out a prima facie case of negligence, wbicb entitles him to recover, unless tbe company, by proof of tbe particular manner, or circumstances under wbicb tbe cattle were killed, rebut tbe presumption.”
Tbe above rule appears to be founded on tbis — that as it is not a trespass for cattle to pasture at large upon tbe uninr closed forest land in this State: so neither 'is it a trespass, if while roaming at large in pursuit of pasturage, they happen to stray upon tbe track of a railroad.'
But surely no good reason can be assigned for including within tbe rule, an animal, that is not purely domestic, but whose nature is carnivorous, and if ever prompted by instinct, or appetite, to roam at large in tbe forest, it is fair to presume, *54 that it. is either in pursuit of game, or is upon a sheep-killing expedition.
But again, it appears from the testimony, that the dog in question was on a course of training for a yard dog — if this be so, assuredly, the domestic area was a far more suitable place for the development of its faculties, so as to fit it for the position it was destined to occupy, than by allowing it to roam at large upon the track of a railroad.
But if the rule in Danner's case be extended to the killing of dogs, we can perceive no good reason why it should not embrace every species of domestic animal, whether biped, or quadruped.
It would indeed be a startling doctrine to hold, that a train of cars, whether freighted with produce, or with passengers, and charged with the transportation of the government mail, should be arrested in its progress, and compelled at the hazard of responsibility, to come to a dead halt, whenever a domestic fowl, or perchance a yelping cur, should happen to take its stand upon the track, in defiance of the loud warning which is proclaimed by the motion of the train, and the action of the machinery.
To say nothing of the influence which such a doctrine would have upon the interests of railroads — it would certainly go far to diminish the almost incalculable benefits that are conferred upon society, by these important enterprises.
This Court is therefore unanimously of the opinion, that the rule in Danner's case does not apply to the killing of dogs.
The defendant’s motion is therefore granted.
O’Neall, W aedlaw, W ithees, W hitnee and Gloveb, JJ., concurred.

Motion grantéd.